[No. 11799.  Department Two.  August 13, 1914.]

CLARA MAY MILLER, *Respondent*, v. ELDRIGE R. GERRY
et al., *Appellants*.[1]

FRAUD—MISREPRESENTATIONS—EVIDENCE—SUFFICIENCY.  Findings
that representations inducing the purchase of a relinquishment of a
quarter section of land were fraudulent are sustained, where it ap-
pears that defendant represented that one hundred and ten acres
of the land was good irrigable land, that it could be easily and
cheaply irrigated and that there was a well on the land capable of
furnishing water to irrigate over forty acres, when in fact it was
conclusively shown that there was not that amount of irrigable land,
that the land could not be irrigated from the well, and that the
water was insufficient to irrigate any portion of the land, a pump
installed by the plaintiff having exhausted the water in one minute
and a quarter.

SAME—RELIANCE ON REPRESENTATIONS — EVIDENCE — SUFFICIENCY.
A purchaser of a relinquishment of a quarter section of land is
shown to have relied upon false representations made by the owner,
and not upon her own observations, as to the character of the soil
or amount of water in a well, where, although she visited the land,
it was at a time when the ground was frozen and covered with snow,
making it impossible to determine the character of the soil or the
amount of water, which was represented to be sufficient to irrigate
more than forty acres of the land, thereby justifying a reliance upon
the statements made.

APPEAL—REVIEW—FINDINGS.  Findings of the trial court upon
conflicting evidence as to the value of land at the time it was pur-
chased, will not be disturbed on appeal.

HUSBAND AND WIFE—COMMUNITY PROPERTY—TORTS—LIABILITY OF
WIFE.  Where a married man made a desert entry upon land, and
later sold a relinquishment the proceeds of which became community
property, his acts in making the sale are those of an agent, and bind
the community for a refund of the money in an action for damages
for fraud in inducing the sale.

Appeal from a judgment of the superior court for Grant
county, Steiner, J., entered April 16, 1913, upon findings in
favor of the plaintiff, in an action in tort, tried to the court.
Affirmed.

[1]Reported in 142 Pac. 668.

*Lambert & Jeffers,* for appellants.
*Daniel T. Cross* and *Charles K. Jenner,* for respondent.

MOUNT, J.—This action was brought to recover damages alleged to have been sustained by the plaintiff in the purchase of a relinquishment of a quarter section of land in Grant county. The plaintiff in her complaint alleged, that the purchase was made upon false and fraudulent representations made to the plaintiff by the defendant; that she relied upon such statements and purchased the land; that the statements were false, and by reason thereof she was damaged in the sum of $2,400. The defendants denied the allegations of the complaint, and the cause was tried to the court without a jury.

After the trial, the court made findings to the effect that, in January, 1911, the defendants, for the purpose of inducing the plaintiff to purchase the right, title, and interest of the defendants to the land in question, fraudulently represented to the plaintiff that one hundred and ten acres of the land was good irrigable land; that the same could be easily and cheaply irrigated; that there was a well on the land which would furnish a sufficient quantity of water with which to irrigate over forty acres thereof; that these representations were false and made for the purpose of inducing the plaintiff to purchase the land; that the defendants, at the time the representations were made, were acquainted with the nature and character of the land and knew that the plaintiff desired to purchase the same for the purpose of irrigating the land; that the plaintiff had no knowledge of the land, or of irrigation; that she relied upon the statements made to her by the defendants, that she believed the same, and purchased the land and paid therefor the sum of $1,500. The court also found that there was not to exceed forty acres of irrigable land upon the whole tract; that these forty acres were in irregular and detached patches; that the land could not be irrigated from the well of water thereon; that there was not

a sufficient quantity of water to irrigate any portion of the land; that without irrigation the land had no commercial value, except for grazing purposes, and was not worth to exceed $400. Upon these findings, the court entered a judgment in favor of the plaintiff for $1,100, being the difference between the purchase price and the value of the land at the time. The defendants have appealed and make five contentions, which will be noticed in their order.

(1) That the agents, Stonestreet and Noyes, who brought the parties together, were the agents of the respondent and not of the appellants. It appears upon the record that the appellant Eldrige R. Gerry had made a desert entry upon the land in question. Thereafter he desired to sell his relinquishment, and asked Stonestreet to find him a purchaser. Mr. Stonestreet interested Mr. Noyes in finding a purchaser. Mr. Noyes was the brother-in-law of the respondent. After the property was sold, the appellant Eldrige R. Gerry paid to Mr. Stonestreet the commission agreed upon. The question whether these agents were acting for the respondent or the appellants is of no importance in the case, because it is conceded upon the record that the representations which were made were made directly by Mr. Gerry to the respondent. She does not claim that any misrepresentations were made by the agents. So that the question of agency is therefore entirely unimportant.

(2) The appellants next contend that the representations made by Mr. Gerry were true. This contention is based upon the evidence of Mr. Gerry to the effect that the representations made were that there were one hundred and ten to one hundred and twenty acres of irrigable land upon the claim; that there was a well of water on the place, which contained twenty-nine feet of water, and that in his opinion there was an abundance of water in the well to irrigate forty acres of the land, but that the well had never been tested. There is a conflict in the testimony as to whether he expressed an opinion or made the representations as a

matter of fact. The evidence on the part of the respondent tended to show that he represented that there were at least one hundred and ten acres of irrigable land upon the premises, and that he represented that there was an abundance of water in the well to irrigate forty acres. The court found, as a matter of fact, that he made these representations without any qualification. We are satisfied from an examination of the evidence that the weight of the testimony supports the findings of the court in these respects. It was abundantly shown that there were not one hundred and ten acres or one hundred and twenty of irrigable land upon the property, and it is abundantly shown that there was no water in the well of any consequence. The pump, which was placed upon the well at an expense of more than $800 by the respondent, exhausted the water in one minute and a quarter. And it was conclusively shown that there was no water to irrigate any appreciable quantity of the land.

(3) It is next argued by the appellants that the respondent did not rely upon the representations made to her by Mr. Gerry, but relied upon her own observation and the advice of her brother-in-law. The fact is that when the respondent was informed of the opportunity to purchase the relinquishment upon the land in question, she, with the two real estate agents, one of whom was her brother-in-law, visited the appellants and the land. But it appears from the evidence that, at this time, the ground was covered with snow and she could not determine either the character of the soil or the amount of water available for irrigation purposes. She, at the same time, examined other property in the vicinity, and in a few days returned and again examined the appellants' place, but at that time there was snow upon the ground. The ground was frozen and she could not and did not discover the character of the soil or the amount of water in the well. She saw that there was a well, and she saw the general lay of the land. But she testified that she relied upon the statements of Mr. Gerry in regard to the

quantity and character of the land and the quantity of water available. We think the great weight of the evidence is that she could not determine the verity of the representations made to her because of unfavorable conditions existing at the time, and did not rely upon her own observation, but relied wholly upon the representations that were made to her by Mr. Gerry, as she was justified in doing. *Duffy v. Blake*, 80 Wash. 643, 141 Pac. 1149.

(4) The appellants next argue that the court erred in finding for the respondent in the sum of $1,100 damages. There was evidence to the effect that the land was worth more than $1,600. There was also evidence to the effect that the land was worth less than $200. Different witnesses placed the value of the land at different figures. Under these circumstances, we are inclined to follow the finding of the court, which was that the land, at the time of the purchase, was of no value except for grazing land, and did not exceed $400.

(5) It is next argued by the appellants that the court erred in rendering judgment against the wife of Eldrige R. Gerry. There is no merit in this contention. It is not disputed that the appellant Mr. Gerry was a married man at the time he filed his desert location upon the claim. If he had acquired title to the property, it would have been community property. When he sold the relinquishment, the proceeds were, of course, community property. In short, Mr. Gerry was the agent of the community, attending to community business, and the community was liable for a refund of the money so acquired.

Upon an examination of the whole case, we are satisfied that the judgment of the trial court was in accordance with the facts, and it is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.